AMY, J.,
dissenting.
hi respectfully dissent. In my opinion, this case requires a reversal based on the trial court’s failure to grant the defendant’s exception of prescription. Rather than treating the case as a petitory action as the trial court did, it is my view that what the plaintiffs are seeking is a revoca-tory action pursuant to La.Civ.Code art. 2036, et seq. Those articles apply to “acts” which cause or increase insolvency of the obligor. Comment (b) to Article 2036 indicates that this type of act can be either intentional or negligent. I conclude that what we have in this case are intentional acts that may be subject to the revocatory action of Article 2036. With regard to prescription, Article 2041 indicates that such an action cannot be brought “after three years from the date of that act or result.” Comment (a) to Article 2041 also references the applicability of the provision to obligors who knowingly act to the prejudice of obligees. Since this action was filed more than three years after the transfers, I find the exception of prescription meritorious. Accordingly, I would reverse the trial court’s ruling and render a dismissal of the plaintiffs claim.